# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**DEBORAH PRIET,**
**Claimant Below, Petitioner**

**vs.)   No. 18-1023** (BOR Appeal No. 2053073)
(Claim No. 2016016622)

**NOORINDER, LLC,**
**Employer Below, Respondent**

**FILED**

November 15, 2019
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Deborah Priet, by Counsel Lawrence E. Sherman Jr., appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Noorinder, LLC, by Counsel Alyssa A. Sloan, filed a timely response.

The issue on appeal is permanent partial disability. The claims administrator granted no permanent partial disability award on December 12, 2016. The Office of Judges affirmed the decision in its May 31, 2018, Order. The Order was affirmed by the Board of Review on October 19, 2018.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Priet, a shelter counselor, was injured in the course of her employment on December 27, 2015, while lifting a box of coffee. The Employees' and Physicians' Report of Injury lists the diagnoses as fracture at the base of the right fifth metacarpal and possible extensor tendon rupture. A December 31, 2015, treatment note by Kenneth Guida, PA-C, with Orthopedic Excellence, indicates he diagnosed right fifth metacarpal fracture and placed Ms. Priet in a splint. The claim was held compensable for fracture of the right fifth metacarpal on January 25, 2016.

A wrist MRI taken on January 26, 2016, showed low grade tendinopathy/strain in the extensor carpi ulnaris tendon and a possible triangular fibrocartilage complex tear. There was no

1

evidence of an acute fracture line. A treatment note by Mr. Guida the following day indicates he found that Ms. Priet had no fracture. She did sustain a strain of the triangular fibrocartilage complex and tendinopathy strain in the extensor carpi ulnaris tendon. Ms. Priet was to undergo occupational therapy. An EMG was performed on June 1, 2016, and revealed evidence of mild right ulnar neuropathy, likely at the elbows.

Treatment notes from Orthopedic Excellence indicate Joseph Cincinnati, D.O., recommended surgery on July 6, 2016, due to paresthesia and weakness. He noted that the EMG showed ulnar neuropathy. On July 8, 2016, Mr. Guida diagnosed extensor carpi ulnaris tendinopathy, triangular fibrocartilage complex injury, and ulnar neuropathy. Mr. Guida opined that Ms. Priet was prematurely discharged from occupational therapy, which caused a regression in her symptoms. On August 9, 2016, Mr. Guida opined that Ms. Priet's symptoms had worsened and that she had discoloration and coolness in her right arm. He diagnosed ulnar neuropathy and likely chronic regional pain syndrome. Mr. Guida disagreed with a report by Marsha Bailey, M.D., in which she opined that Ms. Priet's symptoms were unrelated to the compensable injury.

In a July 21, 2016, record review, Dr. Bailey stated that she reviewed medical records as well as surveillance video of Ms. Priet. In the footage, Ms. Priet was seen eating, driving, opening doors, and putting keys in her pocket, all with her right hand. Dr. Bailey opined that the compensable fifth metacarpal fracture should have healed within three to four weeks. The mechanism of injury was not consistent with ulnar neuropathy at the elbow, and Ms. Priet reported no nerve symptoms until three months after the injury occurred. Dr. Bailey found nonoccupational risk factors for elbow ulnar neuropathy in the form of obesity and multiple sclerosis. She also found some symptom magnification.

Ralph Savagno, M.D., performed an independent medical evaluation on September 7, 2016, in which he noted that Ms. Priet had discoloration in her right hand and that it was cold to the touch. He noted that the claim was held compensable for fifth metacarpal fracture but that Ms. Priet did not actually sustain a fracture. He opined that she may have sprained her triangular fibrocartilage complex. Ms. Priet also showed signs of complex regional pain syndrome. Dr. Savagno found no signs of ulnar neuropathy on examination and stated that the condition was not compatible with the mechanism of injury. He opined that Ms. Priet had not reached maximum medical improvement and that she needed further evaluation. His diagnosis was right wrist sprain and resulting chronic regional pain syndrome.

Christopher Martin M.D., performed an independent medical evaluation on November 8, 2016, in which he opined that Ms. Priet never had ulnar neuropathy but did sustain a triangular fibrocartilage complex strain. She had reached maximum medical improvement. Dr. Martin noted that surveillance video showed Ms. Priet using her right hand normally. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), Dr. Martin found 0% impairment. Based on Dr. Martin's report, the claims administrator granted no permanent partial disability award on December 12, 2016.

Ms. Priet was treated by Shannon Tieman, CRNP, on May 23, 2017. Ms. Tieman evaluated Ms. Priet for noncompensable conditions. It was noted that she had multiple sclerosis that caused immobility issues. She also had right leg numbness and chronic nerve pain.

In an October 19, 2017, independent medical evaluation, Alex Ambroz, M.D., noted that multiple examiners found that Ms. Priet had weakness, numbness, and temperature changes in her right hand and wrist. Dr. Ambroz found decreased strength, range of motion, sensation, coloration and temperature in the right wrist/hand. He felt that Ms. Priet met the criteria for chronic regional pain syndrome. He also opined that she had a significant impairment as a result of the compensable injury. Using the American Medical Association's *Guides*, Dr. Ambroz assessed 27% permanent partial disability.

The Office of Judges affirmed the claims administrator's decision granting no permanent partial disability award in its May 31, 2018, Order. The Office of Judges found that Dr. Ambroz's report was unreliable. He used Tables 11 and 12 from the American Medical Association's *Guides* for impairment due to pain or sensory deficits and power and mobility deficits resulting from peripheral nerve disorders. However, right cubital tunnel syndrome, an ulnar nerve condition, was found to be noncompensable by the Office of Judges on October 5, 2017. Dr. Ambroz also used Table 13 which concerns impairment due to unilateral sensory or motor deficits of spinal nerves. The Office of Judges found that the claim was held compensable for fractured fifth metacarpal. Tables 11, 12, and 13 have no relation to the compensable injury. As Dr. Ambroz assigned a large amount of impairment from these tables, his report was found to be unreliable. Dr. Martin's report was found to be reliable. He determined that Ms. Priet sustained no impairment as a result of the compensable injury. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on October 19, 2018.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Dr. Ambroz reported impairment that has no relation to the compensable right fifth metacarpal fracture. Accordingly, the report was unreliable.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 15, 2019**

**CONCURRED IN BY:**
Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison